ACCEPTED
06-15-00084-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/6/2016 10:47:24 PM
DEBBIE AUTREY
CLERK

July 6, 2016

Motion to Extend Time to File Motion for Rehearing.

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

7/6/2016 10:47:24 PM

DEBBIE AUTREY
Clerk

In the interest of JNR, a child

No. 06-15-00084-CV

Rendered May 13, 2016

By the order of the Court

Josh R Morriss, III

Chief Justice


Due to the extraordinary situation in which I am unable to secure legal counsel in the state of Texas, I am asking to extend the deadline to file a motion for rehearing on my own for an additional 21 days. I have taken time off from School and work to focus all this time to properly address this case.


Thank you.

Jean-Pierre Fernandez

954.203.8504

jpleoone@gmail.com

22100 Palms Way

101

Boca Raton Fl

33433

Default judgement without proper notification.

The Clerk's Record only shows the sender's receipt as proof of delivery, the record also proofs negligence by the court when mail is randomly sent to different addresses including Wells Fargo Offices in Minnesota and Fort Lauderdale.

As per the letters I was sending, it is clear that I wanted to participate in this process but I was negligently kept in the dark about what was going on. The last I knew is that there was a hearing to determine parentage scheduled for July 24, 2014. I wrote a letter hoping it would be considered as testimony but there was only silence in return.

The Clerk's record also reveals that the Petitioner's Attorney, Thomas Baker, files a certificate of respondent's last known address as an address in Minnesota and then the address is corrected by hand; again no receipt to confirm delivery.

Even the address typed on the default judgement has the wrong address and then it is corrected by hand with another wrong address.

RULE 124. NO JUDGMENT WITHOUT SERVICE

In no case shall judgment be rendered against any defendant unless upon service, or acceptance or

waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except

where otherwise expressly provided by law or these rules.

When a party asserts a counterclaim or a cross-claim against another party who has entered an

appearance, the claim may be served in any manner prescribed for service of citation or as provided

in Rule 21(a).

Rule 107 (c): "When the citation was served by registered or certified mail as authorized by Rule 106, the

return by the officer or authorized person must also contain the return receipt with the

addressee's signature."

Lying under oath.

On the Reporter's record, volume 2 of 3, page 12, line 18, Joan Ramsey testifies under oath" Whenever my daughter was born, he left." When in fact, according to the Miami Dade County records Joan Ramsey married Juan Flores on 03/05/1999. Page 6, lines 7-10, Joan Ramsey testifies under oath that the child does not have a legal, presumed, acknowledge or adjudicated father but the child says that she thought Juan Flores was her father until he left her mother. Additionally, the Affidavit for UCCJEA Information confirms that the child lived with Joan Ramsey at least until 07/13/2012.

"The child's present address is 3704 Madison Drive, Killeen, Texas 76543.

"For the past five years immediately preceding the date of this affidavit, the child has

lived at the following address with the following person:

Address: 3704 Madison Drive, Killeen, Texas 76543

Persons lived with: JOAN RAMSEY and JUAN FLORES

Date: 08/18/1999 – 07/13/2012

No back child support